FILED'09 JUL 30 0851usDC-oRP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES N. BROWN,

       Plaintiff,

   v.

MARK NOOTH, et al.,

       Defendants.

Civil No. 08-621-BR

ORDER

BROWN, Judge.

    Plaintiff, an inmate at the Deer Ridge Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court are several matters.

**I.  Plaintiff's Motion to Request Granting of TRO and Preliminary Injunction**

    When he filed this action on May 21, 2008, Plaintiff submitted a Motion for Temporary Restraining Order and for Preliminary Injunction. On June 4, 2008, this Court issued an Order denying Plaintiff's Motion because, *inter alia*, Plaintiff

1 - ORDER -

did not present a certificate of service or a showing of why notice to the Defendants should not be required. The denial was without prejudice to Plaintiff's right to re-file the motion upon curing the deficiencies noted.

Plaintiff's current Motion to Request Granting of TRO and Preliminary Injunction suffers from the same deficiency. Plaintiff failed to serve the current motion or the original motion upon Defendants. Accordingly, Plaintiff's Motion (#61) is DENIED.

## II. Plaintiff's Motion for an Order Compelling Discovery

Plaintiff seeks an order compelling Defendants to respond to requests for production of documents and requests for interrogatories submitted to Defendants. Defendants provided fifty-five pages of documents and answered several interrogatories. Defendants objected to other requests, however, on the basis that they were vague and were not reasonably calculated to lead to discovery of admissible evidence.

Upon careful review of Plaintiff's requests and Defendants' objections thereto, the Court denies Plaintiff's motion. Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any matter relevant to the claim or defense of any party. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

2 - ORDER -

Plaintiff alleges Defendants were deliberately indifferent in failing to protect him from assault by another inmate. He alleges he informed Defendants he was not safe in his housing unit, that Defendants failed to take action to protect him, and that during the subsequent assault, failed to take action quickly enough.

Plaintiff's numerous discovery requests pertaining to general information about the Department of Corrections' efforts to counter security threats are not relevant to issue whether Defendants were deliberately indifferent in this particular case. As such, he is not entitled to an order compelling Defendants to respond, and Plaintiff's Motion (#65) is DENIED.

### III. Plaintiff's Motion to Reconsider Order

Plaintiff seeks an extension of time to file a Supplemental Brief in opposition to Defendants' Motion for Summary Judgment. Plaintiff's stated reason is the need to review responses to the discovery requests which were the subject of his Motion to Compel, discussed above. Because the Court denies Plaintiff's Motion to Compel, his request for an extension of time to file a Supplemental Brief is rendered moot. Accordingly, the motion (#82) is DENIED.[1]

---

[1]Moreover, the Court notes Plaintiff filed an extensive response to Defendants' Motion for Summary Judgment, and the Court had previously cautioned the parties that no further extensions of time would be forthcoming.

**IV.  Defendants' Motion for Summary Judgment**

Defendants' Motion for Summary Judgment (#30) having been fully briefed by the parties, it is hereby taken UNDER ADVISEMENT this date.

IT IS SO ORDERED.

DATED this 29th day of July, 2009.

ANNA J. BROWN
United States District Judge